TotteN, J.,
delivered the opinion of the court.
A judgment was rendered on the 28th of September, 1852, by a justice of Maury, in favor of plaintiff against Lee Holman and A. Doe, on a bill single for $223, and on the justice’s docket is this entry: “ Stayed until January 1st, 1853, Kobert Cross.” An execution was issued against the principals and stayor, February 1st, 1853, *235 and levied on tbe property of tbe stayor, wbereon be obtained by petition a supersedeas in tbe circuit court, and on motion in said court tbe stay and execution were quashed. Tbe petition avers that tbe words, “ stayed until January 1st, 1853,” were written over bis name by tbe justice; that tbe stay was limited to that time, being about three months, by consent of tbe parties, in order to give effect to an usurious contract on wbicb tbe judgment was founded.
"We shall consider a single question in tbe case, and that is, can a stayor be held bound as such by consent of tbe ycwthes and tbe stayor, to an obligation that varies from tbe general rule of law on tbe subject ? And we are of opinion that be cannot. Tbe stay laws provide simple and uniform rules, and if a person become liable under them, it must be according to those rules, and not according to agreements of tbe parties variant from them. Tbe nature and extent of bis obligation are fixed by tbe law, and are tbe same in every case; not uncertain and variable; as they would be if permitted to be the subject of consent and agreement. A conventional stay of an execution wbicb varies from tbe general law, is a mere contract, and not tbe final and conclusive fodgment wbicb tbe law contemplates; and must often result in a renewal of tbe litigation, tbe loss of debts, and injury to sureties. If tbe transaction be a contract and not a confession of judgment under tbe general law, then tbe justice’s forum is not tbe proper place for it.
Tbe stay of an execution is in effect, a confession of judgment, and tbe stayor is liable under tbe law applicable to such judgment and not otherwise. It cannot be for a part of tbe debt only, or for a greater or less *236 term than that limited by law, or otherwise be varied from the general rule. Here the execution, issued in about four months after the judgment, when the law allows eight months stay of execution, if “ good and sufficient” security be given, and a question is raised whether the stayor can consent to a less time. He and his principals were entitled by law to the eight months stay, and it was not competent to prove that they consented to a less time.
If a different obligation were intended, it is not a case under the stay laws, but the subject of contract in some mode proper to its nature.
We think the defendant incurred the obligation of stayor, and -after the time allowed by law for the stay, he became liable to an execution.
The action of the circuit court, quashing the judgment against the stayor will be reversed, that, quashing the execution will be affirmed, and a grooedendo will issue to the justice.
Judgment reversed.